

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 13, 2006

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0397

Re: Education Code section 54.208's exemption from tuition for students enrolled in fire science courses (RQ-0371-GA)

Dear Senator Jackson:

Your predecessor asked about Education Code section 54.208's exemption from tuition for students enrolled in fire science courses.[1]

Education Code chapter 54 contains provisions related to tuition and fees for institutions of higher education.[2] *See generally* TEX. EDUC. CODE ANN. §§ 54.001-.643 (Vernon 1996 & Supp. 2005). Section 54.208, entitled "Firemen Enrolled in Fire Science Courses," provides a limited tuition and fee exemption for Texas fire fighters:

> The governing boards of the state institutions of collegiate rank supported in whole or in part by public funds shall exempt from the payment of tuition and laboratory fees any person who is employed as a fireman by any political subdivision of the state and who enrolls in a course or courses offered as part of a fire science curriculum. The exemption provided does not apply to deposits which may be required in the nature of security for the return or proper care of property loaned for the use of students.

*Id.* § 54.208 (Vernon 1996). Regarding this provision, we are specifically asked about the courses that may be considered as part of a fire science curriculum; whether a student is eligible for the

---

[1]*See* Letter and attachments from Honorable Jon Lindsay, Chair, Committee on Nominations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Aug. 4, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; Letter from Honorable Jon Lindsay, Chair, Committee on Nominations, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Sept. 1, 2005) (on file with Opinion Committee) [hereinafter Supplemental Request Letter].

[2]"Institution of higher education" is defined as "any public technical institute, public junior college, public senior college or university, medical or dental unit, public state college, or other agency of higher education as defined in this section." TEX. EDUC. CODE ANN. § 61.003(8) (Vernon Supp. 2005); *see also id.* § 54.001(1) (Vernon 1996) (adopting section 61.003's definition of "institution of higher education").

section's exemption even after having already obtained a degree in fire science; whether section 54.208's exemption applies only to four-year universities; and whether a public junior college's general fees are in fact tuition. *See* Request Letter and Supplemental Request Letter, *supra* note 1.

## I.    Fire Science Curriculum

We first address the question concerning the definition of "fire science curriculum." *See* Request Letter, *supra* note 1. The Texas Commission on Fire Protection (the "Commission"), which is the state agency charged with regulating and assisting fire fighters and fire departments,[3] has by rule established the minimum educational, training, physical, and mental standards for a person to be certified[4] as a fire fighter.[5] In addition to the minimum certification standards, the Commission

---

[3]*See generally* TEX. GOV'T CODE ANN. §§ 419.001-.907 (Vernon 2005 & Supp. 2005) (establishing the Texas Commission on Fire Protection and outlining its duties); *see also id.* § 419.022(a)(5) (Vernon 2005) ("The Commission may . . . establish minimum educational, training, physical, and mental standards for admission to employment as fire protection personnel in a permanent, temporary, or probationary status and for advanced or specialized fire protection personnel positions.").

[4]*See generally* 37 TEX. ADMIN. CODE §§ 423.1-.309 (2005) (Tex. Comm'n on Fire Protection, Standards for Certification).

[5]In this opinion we will use the colloquial term "fire fighter" to refer to "fire protection personnel," who are regulated by the Commission on Fire Protection. "Fire protection personnel" are:

   (A)   permanent, full-time law enforcement officers designated as fire and arson investigators by an appropriate local authority;

   (B)   aircraft rescue and fire protection personnel; or

   (C)   permanent, full-time fire department employees who are not secretaries, stenographers, clerks, budget analysts, or similar support staff persons or other administrative employees and who are assigned duties in one or more of the following categories:

        (i)    fire suppression;

        (ii)   fire inspection;

        (iii)  fire and arson investigation;

        (iv)   marine fire fighting;

        (v)    aircraft rescue and fire fighting;

        (vi)   fire training;

        (vii)  fire education;

        (viii) fire administration; and

(continued...)

has established a scheme by which fire fighters may acquire advanced levels of certification. *See, e.g.*, 37 TEX. ADMIN. CODE § 423.3 (2005) ("Minimum Standards for Basic Structure Fire Protection Personnel Certification"); *id.* § 423.9 ("Minimum Standards for a Master Structure Fire Protection Personnel Certification"). To fulfill these certification requirements, fire fighters may take fire science courses offered at institutions of higher education. *See, e.g., id.* § 423.9(a)(2) (requiring eighteen college semester hours in fire science subjects); *id.* § 423.205(a)(2)(A) (allowing applicant for Intermediate Aircraft Rescue Fire Fighting Personnel Certification to complete six semester hours of fire science or fire technology from a college towards that certification).

Texas institutions of higher education offer courses and degrees in the area of fire science.[6] Apparently, however, some colleges have moved away from designating their fire-related curricula as "fire science" and instead designate them, for example, "Fire and Safety Engineering" or "Fire Service Management." *See* Request Letter, *supra* note 1 (Attachment No. 3). Other schools do maintain a fire science curriculum, but narrowly define it to include only certain courses while relegating, for example, emergency management courses to a curriculum not designated as fire science. *See* Soteriou Letter, *supra* note 6. As a result, fire fighters who take courses towards a fire engineering degree or who are taking courses in emergency management or the like outside of a strict fire science curriculum are being denied the tuition and fee exemption under section 54.208. *See* Request Letter, *supra* note 1 (Attachment No. 5). Thus, we are asked to clarify the meaning of "fire science" as it is used in Education Code section 54.208. *See id.*

In construing section 54.208, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). To do so, we must first attempt to construe statutes according to their plain language, *see In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001), reading the language according to the rules of grammar and common usage, unless it has acquired a technical meaning, *see* TEX. GOV'T CODE ANN. § 311.011(a)-(b) (Vernon 2005). We may also consider, among other things, a statute's objectives, the legislative history, and the consequences of a particular construction. *See id.* § 311.023.

The Education Code does not define "fire science"; neither is this term defined elsewhere in Texas statutes. We have also reviewed Texas judicial opinions and opinions from this office, none of which offer a definition of "fire science." The Commission writes that "fire science" as it was used at the time section 54.208's language became law was a "consensus term" that applied to the

---

[5](...continued)
        (ix)  any other position necessarily or customarily related to fire prevention or suppression.

TEX. GOV'T CODE ANN. § 419.021(3) (Vernon 2005).

[6]*See* Letter from James L. Crowson, Assistant Attorney General, Administrative Law Division, to Nancy Fuller, Chair, Opinion Committee, Office of the Texas Attorney General (Sept. 7, 2005) (on file with Opinion Committee) [hereinafter Crowson Letter]; Letter from Jake Soteriou, Director of Standards and Certification, Texas Commission on Fire Protection (Aug. 24, 2005) (attached to Crowson Letter) [hereinafter Soteriou Letter].

practice of fire fighting in all its realms. *See* Soteriou Letter, *supra* note 6. We can find nothing that contradicts this assertion that the term has an acquired technical meaning, especially given the dearth of material related to this provision.

We note that the Commission has offered its own definition of the term. In its rules outlining minimum certification requirements, the Commission defines "college credits" acceptable as *"fire science credit"* as a "course of study . . . *that is primarily related to Fire Service, Emergency Medicine, Emergency Management, or Public Administration . . . ."* 37 TEX. ADMIN. CODE § 421.5(10) (2005) (emphasis added). Given the Commission's expertise in fire fighting and its legislative duty to identify the necessary education for Texas fire fighters to be effective emergency responders, we are persuaded that this is an appropriate meaning for this term. Moreover, this definition comports with the descriptions of "fire science" curricula from educational institutions nationwide, which curricula include courses in fire service, emergency medicine, emergency management, and public administration.[7] We believe, therefore, that "fire science" is a technical term that refers to courses related to fire service, emergency medicine, emergency management, or public administration. When read in context, then, section 54.208 uses "fire science" to refer to those courses that fall within a designated fire science curriculum, as well as a course that is primarily related to fire service, emergency medicine, emergency management, or public administration, regardless of whether that course falls within a curriculum designated "fire science."

## II.      Exemption Eligibility after Earning a Degree in Fire Science

We are also asked whether a student would be exempt from tuition after the student has obtained a degree in fire science. *See* Supplemental Request Letter, *supra* note 1.

Nothing in the statute ties the tuition exemption to earning a degree in fire science or disqualifies a person who has already obtained a degree in fire science. *See* TEX. EDUC. CODE ANN. § 54.208 (Vernon 1996). Section 54.208 by its plain language provides an exemption to any "person who is employed as a fireman by any political subdivision of the state and *who enrolls in a course or courses* offered as part of a fire science curriculum." *Id.* (emphasis added). Independent of a fire fighter's degree status, so long as the fire fighter is enrolled in a fire science course the fire fighter may receive the benefit of section 54.208's exemption for that course.

## III.      Institutions Covered by Section 54.208

We next address the question concerning the educational institutions covered by section 54.208. *See* Request Letter, *supra* note 1. It is specifically stated that "[t]here is confusion regarding which schools may grant exempt status, whether it be a four-year university and/or a community college." *See id.* Though the term "community college" is used in the request letter, we will use the

---

[7]*See, e.g.,* Walla Walla Community College Fire Science Curriculum, Washington State, *available at* http://wwcc.edu/cat/program_detail.cfm?CC=200&DC=FCA; Columbus State Community College Fire Science Curriculum, Ohio, *available at* http://www.cscc.edu/DOCS/firecurr.htm; Long Beach City College Fire Science Curriculum, California, *available at* http://students.lbcc.edu/cguides/FIRE%20SCIENCE-2.pdf; University of Maryland University College Fire Science Curriculum, Maryland, *available at* http://www.umuc.edu/prog/ugp/majors/fscn.shtml.

term "junior college," which in Texas is equivalent. *See* TEX. EDUC. CODE ANN. § 130.005 (Vernon 2002) (recognizing that "junior colleges are in fact comprehensive community colleges" and permitting a junior college district to substitute the word "community" for "junior" in its name).

Section 54.208 is applicable to all "state institutions of collegiate rank supported in whole or in part by public funds." *Id.* § 54.208 (Vernon 1996). The revisor's note to section 54.001, which defines "institution of higher education," informs us that the phrase state "institutions of collegiate rank supported in whole or in part by public funds" includes junior colleges and is another description for "institution of higher education." *Id.* § 54.001 revisor's note. "Institution of higher education" is an "accurate and convenient substitute for various terms used in the source laws for [Education Code chapter 54]." *Id.* This revisor's note, however, also informs us that "as to the applicability of this chapter to junior colleges, see Section 54.002 of this code." *Id.*

Section 54.002 states that chapter 54 applies to all institutions of higher education, except that the chapter applies to junior colleges only to the extent provided by section 130.003(b) of the Education Code. *See id.* § 54.002. Education Code section 130.003(b) provides in relevant part that for a public junior college "[t]o be eligible for and receive a proportionate share of [state appropriated funds], a public junior college must . . . grant, when properly applied for, the scholarships and *tuition exemptions* provided for in this code . . . ." *See id.* § 130.003(b)(5) (Vernon Supp. 2005) (emphasis added). Four-year colleges and universities are institutions of higher education. *See id.* § 54.001 (Vernon 1996); *see also supra* note 2. Thus, by its plain language, section 54.208 applies to "state institutions of collegiate rank supported in whole or in part by public funds," which includes both public junior colleges eligible to receive a proportionate share of state appropriated funds under Education Code section 130.003(b) and public four-year colleges and universities. *Id.* § 54.001 revisor's note; *see also* Tex. Att'y Gen. LO-90-83 (applying, without analysis, section 54.208 to a public junior college).

## IV.     **Whether a General Fee is Tuition**

We are next asked "[w]hether general fees charged by certain schools should also be considered tuition." Supplemental Request Letter, *supra* note 1.

A brief submitted in response to this request informs us that Houston Community College charges a general fee for "registration, student services matriculation, and other administrative fees to cover general classroom use, library facilities, student facilities, etc."[8] The brief argues that Education Code section 54.0513 is the dispositive provision for this issue. *See* Dunbar Brief, *supra* note 8. Section 54.0513 permits the board of an institution of higher education to charge as tuition an amount "necessary for the effective *operation* of the institution" that is in addition to the amounts predetermined by the legislature in Education Code section 54.051. TEX. EDUC. CODE. ANN. § 54.0513 (Vernon Supp. 2005) (emphasis added); *see also id.* § 54.051 (determining tuition for

---

[8]Brief from Steven M. Dunbar, Captain, Houston Fire Department, to Honorable Greg Abbott, Attorney General of Texas (Sept. 13, 2005) (on file with Opinion Committee) [hereinafter Dunbar Brief]; *see also id.* Exhibit 1 (Houston Community College's catalog p. 23 outlining general fees).

institutions of higher education). The brief contends that section 54.0513 defines tuition such that any fee that a public junior college applies to its operation is in fact tuition, which a fire fighter would not have to pay under Education Code section 54.208. *See* Dunbar Brief, *supra* note 8. And, the brief continues, portions of Houston Community College's general fee seem to be used for its operation, and so those portions are not fees but tuition. *See id.*

Education Code section 54.0513 is not dispositive in this case because a public junior college has separate authority to collect fees that are not designated as tuition. Education Code section 130.084 provides that a public junior college's governing board "may set and collect with respect to a public junior college in the district any amount of tuition, rentals, rates, charges, or fees the board considers necessary for the efficient operation of the college," subject to the statutorily prescribed tuition rate minimums in section 54.051. TEX. EDUC. CODE. ANN. § 130.084(b) (Vernon Supp. 2005); *see also id.* § 54.051(n) (permitting a public junior college to determine its tuition and prescribing only minimum tuition rates). Moreover, given that these statutes plainly authorize the governing boards to set tuition *and* fees, whether a particular charge will be used for operations is irrelevant to the analysis.

We assume that Houston Community College is a public junior college to which sections 54.051(n) and 130.084(b) would apply. Here, this college has determined that the "general fee" is a fee and not tuition. We must, accordingly, conclude that it is a fee. As a result, Education Code section 54.208 would not exempt a fire fighter enrolled in a fire science course or courses at a public junior college, like Houston Community College, from paying a charge that the college has designated as a "fee."

## V.    Conclusion

In sum, in Education Code section 54.208, "fire science" is a technical term that refers to a course that falls within a designated fire science curriculum, as well as a course that is primarily related to fire service, emergency medicine, emergency management, or public administration, regardless of whether that course falls within a curriculum designated as "fire science." A fire fighter seeking an exemption from tuition under section 54.208 need not be pursuing a degree in fire science; section 54.208 is applicable to a fire fighter who already has a degree in fire science. Section 54.208 exempts a fire fighter who is enrolled in a course or courses offered as a part of a fire science curriculum from paying tuition and laboratory fees at public junior colleges and four-year colleges and universities. Finally, Education Code section 54.208 would not exempt a fire fighter enrolled in a fire science course or courses at a public junior college from paying a charge that the college has designated as a "fee."

## S U M M A R Y

In Education Code section 54.208, "fire science" is a technical term that refers to a course that falls within a designated fire science curriculum, as well as a course that is primarily related to fire service, emergency medicine, emergency management, or public administration, regardless of whether that course falls within a curriculum designated as "fire science."

A fire fighter seeking an exemption from tuition under section 54.208 need not be pursuing a degree in fire science and may already have a degree in fire science.

Section 54.208 exempts a fire fighter from paying tuition and laboratory fees at public junior colleges and four-year colleges and universities.

Education Code section 54.051 permits a public junior college to determine its tuition, subject to statutorily prescribed minimums. In addition, Education Code section 130.084 authorizes a public junior college's governing board to set and collect with respect to a public junior college in the district any amount of tuition or fees the board considers necessary for the efficient operation of the college. Therefore, where a public junior college has designated a charge as "tuition," that charge is tuition; where a public junior college has designated a charge as a "fee," it is a fee. And thus to the extent Houston Community College has designated a charge as a fee, that fee would not be tuition, and a fire fighter exempt from paying tuition under Education Code section 54.208 would have to pay that non-tuition fee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee